UNITED STATES of America for Use
and Benefit of HUTTO CONCRETE
COMPANY, Inc., Plaintiff,

v.

MAGNA BUILDING CORPORATION,
and United Bonding Insurance
Company, Defendants.

Civ. A. No. 680.

United States District Court
D. Georgia,
Waycross Division.

Oct. 24, 1969.

See also, D.C., 305 F.Supp. 1246.

Barrie L. Jones, Alma, Ga., for plaintiff.

Wilson G. Pedrick, Waycross, Ga., for defendants.

## ORDER

LAWRENCE, Chief Judge.

This is an action brought under the Miller Act (40 U.S.C. § 270a et seq.) by a materialman against the contractor and its surety. The suit involves materials supplied on a low-rent housing project which was constructed by the Housing Authority of the City of Alma, Georgia, pursuant to the United States Housing Act of 1937 as amended. (42 U.S.C. § 1401 et seq.)

In March, 1967 the United States entered into an "Annual Contributions Contract" with the local Housing Authority and agreed to make a loan and annual contributions to assure the low-rent character of the proposed project in Alma. Subsequently, the defendant contractor and its surety executed a performance and payment bond in connection with the job. The local Housing Authority, contractor and surety adhered to the State law applicable to bonds of contractors performing public work as set forth in Georgia Code § 23–1705 et seq. The bond is in favor of

the Housing Authority of the City of Alma. By its terms the principal and surety consent to jurisdiction of "the State Civil Court of Bacon County."

Following an alleged breach, suit was instituted on the bond in Bacon Superior Court by Hutto Concrete Company claiming $9,636.22 for materials furnished to the contractor. Fearing that the Federal rather than State law might be applicable and out of an abundance of caution, the plaintiff materialman also filed a Miller Act suit in this Court. The defendants have moved to dismiss for lack of jurisdiction.

The apprehensions of the materialman as to possible Federal Court jurisdiction emanate from that portion of the Housing Act of 1937 (42 U.S.C. § 1416) which in protecting "labor standards" provides that sections 270a–270d of Title 40 (the Miller Act) "shall apply to contracts in connection with the development or administration of Federal projects and the furnishing of materials and labor for such projects: *Provided,* That suits may be brought in the name of the Authority and that the Authority shall itself perform the duties prescribed by sections 276a–2(a) and 270c of Title 40."

Neither counsel nor Court has found any decision dealing with the question of whether this language contemplates bonds given by contractors to local housing authorities which construct low-rent projects financed by loans and annual contributions from the United States Housing Authority. It is a case of first impression but the dearth of authority, as I see it, is due to the fact that no one up to now has ever supposed that such bonds are governed by Federal rather than by state law.

Have materials and labor been furnished in connection with a contract for the development or administration of a Federal project? The answer is found in the meaning of "Federal projects" and it comes clearly and quickly from the low-rent housing statute itself. "The term 'Federal project' means any project owned or administered by the Authority." 42 U.S.C. § 1402(7). The housing project at Alma is not owned by the United States Housing Authority. Title is in the local Authority which was created pursuant to an act of the Georgia Legislature. Code § 99–1104 et seq. The project is not administered by the United States Housing Authority but is administered and operated by the local housing agency in line with the declared policy in the Federal statute "to vest in the local public housing agencies the maximum amount of responsibility in the administration of the low-rent housing program." 42 U.S.C. § 1401. The Regulations of the United States Housing Authority clearly contemplate that it deems such projects as being developed and operated by the local authorities.[1]

In extending the Miller Act to *Federal* low-rent housing projects (42 U.S.C. § 1416) Congress meant only projects owned and administered by the United States Housing Authority and did not mean to include local housing projects to which the Authority has merely granted financial assistance.[2] Administrative interpretation fully confirms this construction. The United States Housing Authority does not assert and has never claimed that the payment and performance bonds in such cases run to it or should run to it. Nor have local housing authorities or anyone else ever,

1. "The objectives are carried out by providing financial assistance, pursuant to contracts, to Local Authorities applying for such assistance in developing and operating low-rent housing projects * * *." Title 24, CFR § 1520.2.

2. During World War II the United States Housing Administration constructed a number of Federal facilities to meet the exigencies of military housing. It has divested itself of all such projects except in Enid, Oklahoma. See Title 24, CFR § 1520.8. It is empowered to dispose of "any low-rent housing projects hereafter transferred to or acquired" by it. 42 U.S.C. § 1412.

at least until the instant case was brought, conceived as much.

 The purpose of the Miller Act as well as of 42 U.S.C. § 1416 is to protect materialmen and laborers who cannot perfect liens on the public property of the United States. United States for Use of Ardmore Concrete Material Company, Inc. v. Williams et al., 10 Cir., 240 F.2d 561, 564. That rationale is absent where the Federal Government, as here, is not the owner and is vested with no title to the improvements.

The complaint is dismissed for want of jurisdiction.