**UNITED STATES of America for the Use and Benefit of NOBLES INSULATION COMPANY, Plaintiff,**

v.

**MAGNA BUILDING CORPORATION, Defendant.**

**Civ. A. No. 678.**

United States District Court
S. D. Georgia,
Waycross Division.

Nov. 5, 1969.

James G. Mahorner, Tallahassee, Fla., Hugh L. Smith, Read and Smith, Vienna, Ga., for plaintiff.

Wilson G. Pedrick, Waycross, Ga., for defendant.

## ORDER

LAWRENCE, Chief Judge.

This is a similar suit to United States for Use and Benefit of Hutto Concrete Company, Inc. v. Magna Building Corporation and United Bonding Insurance Company, 305 F.Supp. 1244, which I recently dismissed for want of jurisdiction. The same issue is raised here concerning applicability of the Miller Act to low-rent housing projects erected by local housing authorities under the Low-Rent Housing Act. 42 U.S.C. §§ 1401–1436.

In view of the brief of Nobles Insulation Company I will add some remarks to what I said in the previous opinion. Citing United States to Use of Noland Co. v. Irwin, 316 U.S. 23, 62 S.Ct. 899, 86 L.Ed. 1241, counsel takes exception to certain language in my Hutto opinion which seemed to him to indicate that the Miller Act is confined to "public works" as to which the United States is vested with title. The Supreme Court held in that case that public buildings and works do not have to belong to the United States for the Miller Act to apply where they were erected by the Government under the provisions of the National Industrial Recovery Act of 1933.[1] That legislation defined "public works" as those "carried on * * * with

---

1. The building was a library on the Howard University campus.

public aid to serve the interests of the general public." When the Miller Act was enacted in 1935 the chairman of the sub-committee which drafted it stated that the Act would be "applicable to the public works program." United States v. Irwin, *supra*, at p. 30, 62 S.Ct. at p. 902.

Here, the question is not whether the low-rent housing project at Alma, Georgia, is a "public work of the United States" within the meaning of Title 40 U.S.C. §§ 270a–270d. We are concerned with the narrower issue of whether it is a "Federal project" as contemplated by 42 U.S.C. § 1416(1). I held that since the project is not "owned or administered by the United States Housing Authority" the Miller Act bond requirements are not applicable. The answer, in my opinion, depends on the meaning of "Federal project" (see 42 U.S.C. § 1402(7)) rather than what is a "public work of the United States" as contemplated by the Miller Act. So conceived, the decisions extending the latter to military housing projects are not in point. The Military Housing law (42 U.S.C. § 1501 et seq.) states that contracts shall provide for the furnishing of a performance and payment bond and that same shall be deemed a sufficient compliance with 40 U.S.C. § 270a. Construing this provision, the Court of Appeals for this Circuit has held that Capehart military housing projects are "public works" within the contemplation of the Miller Act. Lasley v. United States for the Use of Westerman, 5 Cir., 285 F.2d 98; Autrey et al. v. Williams and Dunlap et al., 5 Cir., 343 F.2d 730; Continental Casualty Company v. C. O. Brand, Inc., 5 Cir., 355 F.2d 969.[2] These decisions do not govern bond requirements as to low-rent housing projects.

In my previous decision I perhaps made what is complex appear delusively simple. The necessity of a still further

word shows as much. Under Title 28 U.S.C. § 1352 jurisdiction is conferred upon district courts, "concurrent with State courts, of any action on a bond executed under any law of the United States." A regulation of the armed services which provides that where a bid requires a payment and performance bond had been held to be such a "law." United States for the Use and Benefit of Victory Electric Corp. et al. v. Maryland Casualty Company, D.C., 215 F.Supp. 700.

No regulation adopted by the United States Housing Authority deals with payment and performance bonds. The "Low-Rent Housing Construction Handbook" issued by the U. S. Department of Housing and Urban Development (June, 1969) provides: "For all construction or equipment contracts of $2,000 or more which involve work on the site of a project, the Local Authority shall require the contractor to furnish a combined performance and payment bond for 100 percent of the contract price or, as may be required by law, separate performance and payment bonds, each for 50 percent or more of the contract price * * *."[3] According to the Handbook, the surety must be "a guaranty or surety company acceptable to the Local Authority."

I shall not explore the question of whether the Construction Handbook issued by H.U.D. in respect to its bond requirements constitutes a rule or regulation which the Housing Authority is authorized to make under 42 U.S.C. § 1408 and therefore is a law of the United States respecting bonds so as to create concurrent jurisdiction in this Court under 28 U.S.C. § 1352. If this be true, plaintiff brought suit first in the Superior Court of Bacon County and having elected to sue in the State jurisdiction it can remain there. But any way you look at this case one always returns to the fact that the low-rent housing project at Alma is not a "Federal project" and this

---

2. *Cf.* United States for Use and Benefit of Miles Lumber Co. et al. v. Harrison and Grimshaw Construction Company et al., 305 F.2d 363 (10th Cir.).

3. RHA 7415.1, Chap. 2, Sec. 3, 1. c.

Court therefore has no jurisdiction, exclusive or concurrent. That is what I held in Hutto and what I hold here.

The motion to dismiss is sustained and the complaint is dismissed for want of jurisdiction.