Roland HICKEY, d/b/a Hickey Drilling,
Plaintiff,

v.

CROW CREEK HOUSING AUTHOR-
ITY, Defendant.

No. CIV73–3002.

United States District Court,
D. South Dakota, C. D.

July 8, 1974.

Charles Rick Johnson of Johnson &
Johnson, Gregory, S. D., for plaintiff.

David L. Bergren, Fort Pierre, S. D., for defendant.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

This case is presently before the Court on defendant's motion to dismiss for lack of jurisdiction. Plaintiff has asserted federal jurisdiction under 25 U.S.C. Sec. 1302; 28 U.S.C. Sec. 1362; and 28 U.S.C. Sec. 1331. For the following reasons, this Court determines that jurisdiction in federal court is lacking and the case is hereby dismissed.

Accepting the facts as alleged in the complaint, on September 24, 1971, plaintiff entered into a contract with the defendant for the drilling of three artesian wells for the defendant. After encountering some difficulty in obtaining defendant's signature on the contract, plaintiff finally began his drilling operation but was prevented from completing said operation by the alleged wrongful acts of defendant Housing Authority. Plaintiff claims that as the proximate result of defendant's wrongful acts and breach of contract, he has been damaged in the amount of $16,600.00.

Plaintiff Roland Hickey, a non-Indian, claims three separate grounds upon which federal jurisdiction is based. The first of these is the Indian Bill of Rights, 25 U.S.C. Sec. 1302. Plaintiff is correct when he states that the protection guaranteed by Sec. 1302 is available to non-Indians as well as Indians. Dodge v. Nakai, 298 F.Supp. 17, 24 (Ariz.1968). However, plaintiff's complaint neither alleges nor states any facts showing a constitutional deprivation, but rather presents a simple contract action. Slattery v. Arapahoe Tribal Council, 453 F.2d 278 (10th Cir. 1971). Therefore, federal jurisdiction based on the Indian Civil Rights Act does not lie.

Even assuming that the facts as alleged did give rise to a potential claim under 25 U.S.C. Sec. 1302, plaintiff would be barred from invoking the jurisdiction of this Court without first ex-hausting his tribal administrative and judicial remedies. O'Neal v. Cheyenne River Sioux Tribe, 482 F.2d 1140 (8th Cir. 1973). Although in Dodge v. Nakai, *supra,* 298 F.Supp. at p. 26, the court did not require exhaustion, not all the defendants in that case were amenable to suit in the Navajo Tribal Court. There is no question here but that the Crow Creek Housing Authority *is* amenable to such suit as it has specifically consented to be sued. In Tribal Ordinance No. 1–62, paragraph V, 2(a), it is stated:

> The (Tribal) Council hereby gives its irrevocable consent to allowing the Authority to sue and be sued in its corporate name, upon any contract, claim or obligation arising out of its activities under this ordinance and hereby authorizes the Authority to agree by contract to waive any immunity from suit which it might otherwise have; but the Tribe shall not be liable to the debts or obligations of the Authority, except insofar as expressly authorized by this ordinance.

Defendant claims that under the Tribal Code, the Civil Jurisdiction of the Tribal Court extends only to Indians. Chapter 2.0102 of the Tribal Code reads:

> A. The Tribal Court shall have general original jurisdiction over Indians in all matters of a civil nature. The Tribal Court shall have jurisdiction of the Court by instituting an action against an Indian, or by submitting himself to the Court's jurisdiction.

This court finds the above language to be quite confusing, but feels that Tribal Court jurisdiction in this situation is established by the previously quoted section of the Tribal ordinance creating the Housing Authority. By granting its consent to sue and be sued, the Tribal Council would only have power to establish tribal, not federal, jurisdiction in actions concerning the Housing Authority.

A further ground upon which plaintiff alleges federal jurisdiction is 28 U.S.C. Sec. 1331, which grants jurisdiction

in civil actions involving an amount over $10,000 and arising under the Constitution, laws, or treaties of the United States. In his complaint, plaintiff alleges damages in excess of $10,000. He further alleges in his brief that the contractual dispute which is the subject of this action arose out of treaties and laws authorizing the creation and funding of the Crow Creek Housing Authority. Specifically, he points to the fact that in the annual contributions contract between the Authority and the Government, the agreement is made pursuant to the United States Housing Act of 1937 (42 U.S.C. Sec. 1401 et seq.) and the Department of Housing and Urban Development Act (42 U.S.C. Sec. 3531 et seq.). He states that under 42 U.S. C. Sec. 1416(1), all projects under the Housing Act must conform to 40 U.S.C. § 270b, which provides a cause of action for persons furnishing labor or material on such housing contracts. Plaintiff fits into that category as a person who furnished labor and materials for well drilling under a contract with the Housing Authority. Nevertheless, plaintiff's reliance on the above Acts to establish federal jurisdiction is misplaced.

42 U.S.C. Sec. 1416 provides for protection of labor standards through application of 40 U.S.C. § 270b to "Federal projects." In this case, where the "Local Authority" (Crow Creek Housing Authority) has undertaken to acquire, develop, operate, and administer the low-rent housing Project, said project is not a "federal project" within the meaning of 42 U.S.C. Sec. 1416, even though the project has been financed by loans and annual contributions from the United States Government. United States for Use and Benefit of Hutto Concrete Co. v. Magna Bldg. Corp., 305 F.Supp. 1244 (Ga.1969); United States for Use and Benefit of Nobels Insulation Co. v. Magna Bldg. Corp., 305 F.Supp. 1246 (Ga.1969). Thus a federal question is not presented and federal jurisdiction fails.

 Plaintiff's final assertion of federal jurisdiction is based on 28 U.S.C. Sec. 1362, which reads:

> The district courts shall have original jurisdiction of all civil actions, brought *by* any *Indian tribe* or band with a governing body duly recognized by the Secretary of the Interior, wherein the matter in controversy arises under the Constitution, laws, or treaties of the United States. (Emphasis added.)

Plainly, this action was not brought "by" an Indian tribe and jurisdiction alleged under this statute fails also.

Defendant's motion to dismiss is hereby granted and an order shall be prepared by defendant for signing by this Court.