**Pat COWAN and Clayton Jennings, Individually and as a partnership doing business as C & J Cattle Company**

**v.**

**ROSEBUD SIOUX TRIBE et al.**

**No. CIV 74-3026.**

United States District Court,
D. South Dakota.

Sept. 12, 1975.

Ruben R. Widmayer, Heidepriem, Widmayer & Campbell, Miller, S. D., for plaintiffs.

Robert B. Looby, Pierre, S. D., for defendants.

## MEMORANDUM OPINION

BOGUE, District Judge.

In February of 1973, plaintiffs in this action entered into an agreement whereby they leased approximately 8,941 acres of land from the Rosebud Sioux Tribe, one of the named defendants in this action. The lease contained certain grazing restrictions and maintenance requirements not directly relevant here. Paragraph 43 of the written lease reads as follows:

> All lessees or permittees on the Rosebud Indian Reservation, including nonmembers, by acceptance of a lease or permit give their consent to jurisdiction of the Rosebud Sioux Tribal Court and Land and Order Code for reservation disputes arising out of the use of Indian lands, including but not limited to overgrazing and other waste.

The land which is the subject of the lease is located in Todd County, South Dakota, and is referred to in the lease as "tribal ranch land." A little more than one year after the lease agreement was entered into, the Rosebud Sioux Tribe instituted an action in Rosebud Sioux Tribal Court alleging that the plaintiffs in this action had violated terms of the lease, and seeking damages for the alleged violation. The complaint in the tribal court action was filed by Rosebud

Sioux Tribal President Robert Burnette on May 2, 1974. The tribal court assumed jurisdiction in apparent reliance on paragraph 43 of the lease and on Rosebud Sioux Tribe Law and Order Code Ch. 2, § 1, which reads in relevant part:

> The Rosebud Sioux Tribal Court shall have jurisdiction of all suits wherein the defendant is a member of the Tribe or Tribes within their jurisdiction and of all other suits between members and nonmembers which are brought before the Court by stipulation of both parties. No judgement shall be given on any suit unless the defendant has actually received notice of such suit and ample opportunity to appear in court in his defense.

On May 21, 1974, plaintiffs herein moved to dismiss the action in Tribal Court, asserting lack of subject matter and personal jurisdiction, that the United States was the real party in interest, and that service of process was improper since it was accomplished off the Rosebud Reservation by the Sheriff of Hyde County, South Dakota, who allegedly lacked the authority to serve process from Tribal Court. The Motion to Dismiss was denied on July 25, 1974, and the plaintiffs herein were given fifteen days from the date of denial to answer the complaint in Tribal Court. A notice of appeal from the denial of the Motion to Dismiss was served upon the Rosebud Sioux Tribe on August 7, 1974, accompanied by an application for Stay of Execution. The notice of appeal was denied on September 11, 1974, and the plaintiffs herein were given ten days to answer the complaint in Tribal Court.

The plaintiffs then brought this action for injunctive and declaratory relief under 25 U.S.C. § 1302(8) and 28 U.S.C. § 1343(4). They allege that they were denied due process of law in that they did not receive a hearing on their motion to dismiss and appeal, and in the Tribal Court's allegedly improper assumption of subject matter and personal jurisdiction. A preliminary injunction was granted and the case is now before this Court on the question of permanent relief.

■ Considering first the question of personal jurisdiction, this Court holds that plaintiffs have exhausted their tribal remedies through their motion to dismiss and appeal from the denial of that motion. Turning to the merits of this question, this Court further holds that the Tribal Court properly assumed jurisdiction over the plaintiffs herein.

■ Paragraph 43 of the lease, set out above, expressly consents to the jurisdiction of the Rosebud Sioux Tribal Court. It is well settled that parties may contractually agree to submit to the jurisdiction of a given court. *National Equipment Rental, Ltd. v. Szukhent,* 375 U.S. 311, 316, 84 S.Ct. 411, 414, 11 L.Ed. 2d 354 (1964), *see also, D. H. Overmyer v. Frick Co.,* 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972). No claim is made that the lease or any of its provisions, including paragraph 43, was arrived at through unfair bargaining or overreaching. Both plaintiffs signed the lease and must be held to have read and understood its contents in the absence of evidence to the contrary. It should be noted that both of the individual plaintiffs testified that they received personal service in the Tribal Court action, and thus had actual notice of that lawsuit.

■■ The above discussion also disposes of plaintiff's argument that the service was improper since it was made off the Rosebud Reservation by a South Dakota county sheriff. In view of the contractual consent to personal jurisdiction and the actual notice received by the plaintiffs, this Court holds that the Rosebud Sioux Tribal Court's assumption of personal jurisdiction over plaintiffs herein pursuant to Ch. 2 § 1 of the Rosebud Sioux Tribe Law and Order Code was not violative of the plaintiffs' right to due process of law under 25 U.S.C. § 1302(8) regardless of the location and manner of service. Under the particular

facts of this case as they relate to the well-settled rule that personal jurisdiction may be waived, this Court does not reach the question of whether or in what manner a tribal court may assume personal jurisdiction over non-members of a tribe who reside outside the boundaries of a reservation.

Plaintiffs further contend that the Tribal Court's assumption of subject matter jurisdiction violates their rights under 25 U.S.C. § 1302(8). Initially, this Court finds that plaintiffs' Motion to Dismiss and appeal of the denial of that motion in Tribal Court amount to an exhaustion of tribal remedies, and thus the allegation concerning subject matter jurisdiction is properly before this Court.

■ In support of their contention that subject matter jurisdiction is lacking in Tribal Court, plaintiffs theorize that tribal jurisdiction is limited to matters of tribal self-government. Plaintiffs then contend that a dispute with a non-Indian over the use of reservation land is of a commercial nature, not a matter of tribal autonomy and therefore not amenable to tribal jurisdiction. This argument is rooted in the doctrine enunciated in *Williams v. Lee,* 358 U.S. 217, 79 S.Ct. 269, 3 L.Ed.2d 251 (1959). In that case, a non-Indian who operated a general store on an Indian reservation brought suit in a state court seeking to recover money for goods sold to Indian residents of the reservation. The United States Supreme Court held that state jurisdiction was improperly assumed, stating:

There can be no doubt that to allow the exercise of state jurisdiction here would undermine the authority of the tribal courts over Reservation affairs and hence would infringe on the right of the Indians to govern themselves. It is immaterial that respondent is not an Indian. He was on the Reservation and the transaction with an Indian took place there. 358 U.S. at 223, 79 S.Ct. at 272.

The doctrine of *Williams v. Lee, supra,* has since been invoked to limit the jurisdiction of state courts concerning matters relating to tribal self-government. *See e. g., Smith v. Temple,* 82 S.D. 650, 152 N.W.2d 547 (1967). The doctrine may have some impact on the ability of federal courts to exercise jurisdiction in such matters. *Compare, Schantz v. White Lightning,* 502 F.2d 67 (8th Cir. 1974) *with Poitra v. Demarrias,* 502 F.2d 23 (8th Cir. 1974). However, this Court has been unable to find an instance where the doctrine was held to limit *tribal* jurisdiction. It may be that the tribal lawsuit in question here could have been brought in a state court consistently with *Williams v. Lee, supra. See, Smith v. Temple,* 82 S.D. 650, 653, 152 N.W.2d 547, 548 (1967). It does not necessarily follow, however, that any such state jurisdiction would be exclusive. In short, the cases such as *United States v. Candelaria,* 271 U.S. 432, 46 S.Ct. 561, 70 L.Ed. 1023 (1926), cited by plaintiffs herein, merely allow state jurisdiction and do not necessarily preclude tribal jurisdiction. However, this Court does not reach the broad question whether *Williams v. Lee,* supra, established a two-way test which limited tribal as well as state jurisdiction. In the judgment of this Court, the matter of use and regulation of tribal lands is a matter of tribal self-government and thus one properly left to the jurisdiction of tribal court.

■■ The regulation of tribal property would seem to be one of the vestiges of tribal sovereignty and thus a matter of tribal self-government. Unquestionably a tribal government retains the powers of sovereignty over its land when those powers have not been specifically removed by Congress. *Iron Crow v. Oglala Sioux Tribe,* 231 F.2d 89, 96 (8th Cir. 1956). The fact that plaintiffs herein are not members of the Rosebud Sioux Tribe does not remove the regulatory power of the Rosebud Sioux Tribe over its own land, nor does it remove the jurisdiction of the Tribal Court over matters involving the use of tribal land

in this case. *Buster v. Wright,* 135 F. 947 (8th Cir. 1905), *app. dis.,* 203 U.S. 599, 27 S.Ct. 777, 51 L.Ed. 334 (1906); *Williams v. Lee,* 358 U.S. 217, 223, 79 S.Ct. 269, 272, 3 L.Ed.2d 251 (1959); *United States v. Mazurie,* 419 U.S. 544, 95 S.Ct. 710, 718, 42 L.Ed.2d 706 (1975). Again this Court wishes to stress that the question of personal jurisdiction turns on the plaintiffs' consent in paragraph 43 of their lease agreement. They thus agreed to tribal jurisdiction. Absent such an agreement on their part the Court's decision in this case would have been different.

Finally, plaintiffs urge that the commercial nature of the substantive questions of law presented in the Tribal Court action removes the case from one involving matters of tribal self-government and therefore from tribal jurisdiction. A reading of the seminal case of *Williams v. Lee, supra,* should serve to dispel that notion since *Williams v. Lee* itself involved questions of commercial law raised by alleged failure to pay for goods purchased on credit.

■ The complaint in the instant case also alleged a violation of plaintiffs' right to due process of law in that they were given no hearing on either their motion to dismiss or the appeal from the denial of that motion. Plaintiffs made no request for a hearing in either their motion to dismiss or their notice of appeal, and there is nothing in the record to indicate that any such request was made. Thus as to this issue, tribal remedies apparently have not been exhausted. *See, O'Neal v. Cheyenne River Sioux Tribe,* 482 F.2d 1140 (8th Cir. 1973). Even if tribal remedies have been exhausted however, plaintiffs have not established that lack of a hearing on either a motion to dismiss or notice of appeal is a denial of due process. *See, Morrow v. Topping,* 437 F.2d 1155 (9th Cir. 1971). *See also,* Federal Rule of Civil Procedure 78; *Rose Barge Line, Inc. v. Hicks,* 421 F.2d 163 (8th Cir. 1970).

■ Plaintiffs have raised two additional claims before this Court. The first is that the Tribal Court lacked jurisdiction because Ch. 2 § 1 of the Rosebud Sioux Tribe Law and Order Code contemplates suits between "members" of the tribe and the tribe cannot be a member of itself. The second is that the United States as trustee of the land in question is an indispensible party to the lawsuit in Tribal Court. In the judgment of this Court these claims do not reach constitutional proportions and therefore are not cognizable under 25 U.S.C. § 1302. *See, Hickey v. Crow Creek Housing Authority,* 379 F.Supp. 1002 (D.S.D.1974).

For the foregoing reasons, the plaintiffs' request for permanent injunctive and declaratory relief is hereby denied without prejudice to the right of plaintiffs to bring any further claims under 25 U.S.C. § 1302 which may arise during the course of the tribal proceedings, and the preliminary injunction is hereby lifted so that the Tribal Court can continue in its adjudication of the issues raised in the complaint of the Rosebud Sioux Tribe. In order to insure that the right of plaintiffs herein have not been prejudiced in Tribal Court by this action, the defendants are hereby ordered to allow plaintiffs a reasonable time to answer the Tribe's complaint in Rosebud Sioux Tribal Court.

The foregoing shall constitute this Court's findings of fact and conclusions of law in accordance with Rule 52 of the Federal Rules of Civil Procedure.