## 35713. LANNING v. LANNING.

MARSHALL, Justice.

The parties to this suit were divorced in the Fulton Superior Court in March of 1976. Under the divorce decree, the wife was given custody of the parties' minor children. However, in August of 1976, she voluntarily relinquished custody of the children to her former husband, and the children have resided with him in Fulton County since that time.

In July of 1977, the former husband brought this suit in the Fulton Superior Court for a change of child custody. The former wife was served, but she did not file an answer or responsive pleadings. She did sign an order in which she consented to the modification of the parties' divorce decree by granting custody of their minor children to the former husband. A judgment was entered to this effect.

In August of 1978, the former wife filed a motion to set aside the judgment modifying child custody on the ground that the Fulton Superior Court lacked jurisdiction of her person and venue in that she was a resident of Clayton County. She also alleged fraud and coercion in the procurement of her consent to the modification order. The superior court granted the former wife's motion to set aside the judgment on the ground that the former wife was a resident of Clayton County when the petition for change of custody was filed in the Fulton Superior Court. The former husband appeals. We reverse.

As we have recently held in *Williams v. Fuller*, 244 Ga. 846, (1979), lack of jurisdiction of the person and improper venue are defenses which are waived under Code Ann. § 81A-112 (h) when not raised in a motion or a responsive pleading as originally filed. Accordingly, these defenses were waived here.

*Judgment reversed. All the Justices concur.*

SUBMITTED DECEMBER 7, 1979 — DECIDED JANUARY 3, 1980.

*John C. Tyler,* for appellant.
*Monroe Ferguson, Joseph M. Todd,* for appellee.