NATIONAL SERVICE INDUSTRIES,
INC., Plaintiff-Appellee,

v.

VAFLA CORPORATION, Samuel L. Lionberger, Jr., Terrence D. Henderson, William C. Roberts, and Charles D. Fox, III, Defendants-Appellants.

Nos. 81–7814 & 82–8239
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Dec. 20, 1982.

Candler, Cox, Andrews & Hansen, E. Lewis Hansen, Atlanta, Ga., for defendants-appellants.

Haas, Holland, Lipshutz, Levison & Gibert, Hugh W. Gibert, Atlanta, Ga., for plaintiff-appellee.

Before RONEY, KRAVITCH and CLARK, Circuit Judges.

RONEY, Circuit Judge:

In this diversity action for breach of contract summary judgment was granted in favor of plaintiff National Service Industries, Inc. (NSI). On appeal defendants, a Virginia corporation and four individuals, challenge jurisdiction and the appropriateness of summary judgment. A subsequent appeal by defendants from contempt orders arose out of defendants' refusal to respond to post-judgment discovery initiated by NSI in aid of execution of the district court's judgment. The two appeals have been consolidated for decision. Because defendants' appeals are frivolous, we affirm the district court's grant of summary judgment to plaintiff and remand for entry of a judgment in favor of plaintiff for double costs on appeal, reasonable attorneys fees, and damages which reflect an increase in the

applicable interest rate on the district court's judgment.

## Background

In January 1979 defendant Fox came to Atlanta, NSI's principal place of business, and began negotiations for the purchase and sale of an amusement park owned by NSI and located in Florida. Fox formed a syndicate with the three other individual defendants, and negotiations continued in Florida and Virginia. In February 1979 Fox delivered a power of attorney to NSI in Atlanta authorizing the other three individual defendants to negotiate and execute the purchase and sale agreement on his behalf. The agreement was executed in Virginia on February 8, 1979. Vafla Corporation, the corporate defendant, was incorporated under the laws of Virginia on February 22, 1979, and the individual defendants assigned the agreement to the corporation. In March 1979 in Atlanta the corporation delivered a promissory note and NSI executed documents of transfer. The promissory note provided for 20 quarterly installments of $50,000 to NSI with the first installment due on September 1, 1979 and thereafter on the first day of each December, March, June and September.

Vafla Corporation defaulted on the first installment. Defendant Fox returned to Atlanta to negotiate an extension. On September 30, 1979 in Virginia the individual defendants in their capacity as stockholders of Vafla executed a guarantee agreement with NSI. The guarantee provided that the first three installments of principal were payable pro rata on the remaining installments, and the individual defendants unconditionally guaranteed the final three installments of principal and interest. The corporation consented to the extension. The corporation defaulted on the first two principal payments due under the note as extended but subsequently made partial payments of interest and principal.

In a letter dated September 8, 1980 NSI declared the note in default and gave ten days for payment or the balance would be accelerated. On October 23, 1980 NSI filed a complaint in the Northern District of Georgia, alleging that defendants are jointly and severally liable for the principal amount, plus accrued interest and attorneys fees as provided in the note and guarantee. The corporation filed a counterclaim seeking rescission and costs due to alleged false and fraudulent misrepresentations in connection with the sale of the amusement park. Both parties moved for summary judgment on the merits of the complaint and counterclaim. Defendants also moved for summary judgment on the ground of lack of personal jurisdiction. In March 1981 counsel for NSI sent defendants another notice of default demanding payment of the balance of the note within ten days and explicitly stating NSI's insistence on the strict terms of the contract. The district court granted summary judgment in favor of NSI on the complaint and the counterclaim.

## Jurisdiction

Defendants contested jurisdiction of the district court on the ground that they were not "doing business" within the state under the Georgia Long-Arm Statute, *Ga. Code Ann.* § 24–113.1(a). Without passing on that argument, the district court held that the defendants had expressly agreed in the promissory note that for the "purpose of service of process [they] shall be deemed to be doing business in the State of Georgia and subject to the jurisdiction of the State of Georgia." Relying on this agreement, the district court correctly held the defendants were subject to the jurisdiction of the court. Defendants make a belated argument to this Court, not made to the district court, that *Ga.Code Ann.* § 24–112 prohibits the grant of jurisdiction to a court by consent of the parties. Defendants have cited no cases in support of this contention. That Georgia statute surely could not prevent the parties from agreeing on the fact of doing business, especially where the evidence tends to support the fact in the first place. It is clear under Georgia law that personal jurisdiction, unlike subject matter jurisdiction, may be waived. *Lanning v.*

*Lanning,* 245 Ga. 19, 262 S.E.2d 788 (1980); *Kuller v. Beard Properties, Inc.,* 157 Ga. App. 57, 276 S.E.2d 111, 113 (1981); *Slaughter v. Faust,* 155 Ga.App. 68, 270 S.E.2d 218, 220 (1980). The United States Supreme Court has recognized a variety of legal arrangements as representative of consent to personal jurisdiction. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* —— U.S. ——, ——, 102 S.Ct. 2099, 2105, 72 L.Ed.2d 492, 502 (1982). Advance consent to the jurisdiction of a particular court in a contract is one such arrangement. *See National Equipment Rental, Ltd. v. Szukhent,* 375 U.S. 311, 316, 84 S.Ct. 411, 414, 11 L.Ed.2d 354 (1964); *Rauch v. Day & Night Manufacturing Corp.,* 576 F.2d 697, 700 (6th Cir.1978); *Cowan v. Rosebud Sioux Tribe,* 404 F.Supp. 1338, 1340 (D.S.D.1975). The argument that the district court could not assert personal jurisdiction over the defendants after they had agreed otherwise was frivolous.

### Summary Judgment

■ Defendants contend that questions of material fact negate the propriety of summary judgment in favor of plaintiff. The purported questions of fact were the existence of a quasi new agreement based on plaintiff's acceptance of late payments and the reasonableness of plaintiff's notice of its intention to rely on the exact terms of the promissory note. Georgia law labels a departure from the terms of a contract under which money has been paid or received a "quasi new agreement," and once there is such an agreement reasonable notice must be given of intention to rely on the exact terms of the agreement before recovery can be had for failure to adhere to the letter of the agreement. *Ga.Code Ann.* § 20–116.

■ Whether or not a quasi new agreement was created by acceptance of the late payments, defendants have not made any payments since October 1980. Defendants' contention that questions of fact remained as to the existence of any quasi new agreement and as to the sufficiency of the September 8, 1980 letter is frivolous. If no new agreement existed, then the original agreement was in force and defendants are in breach. Although the district court found the plaintiff's September 8, 1980 letter insufficient as a matter of law to constitute reasonable notice of an intention to require strict compliance with the contract terms, the court found the March 25, 1981 letter an unequivocal expression of such intent. NSI's statement that "it insists upon the strict terms of the contract" is unmistakably clear. The district court correctly granted summary judgment in favor of plaintiff even though suit was filed October 23, 1980 prior to the March 25, 1981 letter because dismissal "would merely require that plaintiff refile suit on the same cause of action." Such a ruling would not only be inequitable but inefficient. For the same reasons defendants' contention that NSI waived the September 1, 1980 default so that there was no cause of action when the complaint was filed is without merit.

### Amendment of the Answer

■ Defendants contend the district court erred in denying their July 24, 1981 motion for leave to amend their answer in order to assert a defense of partial failure of consideration. The decision whether to grant leave to amend is within the sound discretion of the trial court, *see Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971), and is not automatic. *Layfield v. Bill Heard Chevrolet Co.,* 607 F.2d 1097, 1099 (5th Cir.1979), *cert. denied,* 446 U.S. 939, 100 S.Ct. 2161, 64 L.Ed.2d 793 (1980). There was no abuse of discretion where the facts supporting the proposed defense were known at the time of the original answer and the subsequently abandoned counterclaim and where amendment would cause delay at a late stage in the proceedings.

### Post-Judgment Discovery

Following the judgment in its favor, NSI began post-judgment discovery in aid of execution. Defendants objected to written interrogatories and requests for production as burdensome and improper once an appeal

was filed. Plaintiff filed a motion to compel discovery, and defendants moved for a protective order. Denying the protective order, the district court ordered defendants to respond and awarded attorneys fees to plaintiff. Still defendants did not respond. After a hearing the district court found defendants in willful contempt. The court ordered the attorneys fees previously awarded to be paid, the interrogatories to be answered, and the documents requested to be furnished by May 3, 1982 or pay a continuing fine of $1,000 per day to the court and damages of $100 per day to plaintiff. Subsequently, the attorneys fees were paid. The response of the corporate defendant to the post-judgment discovery was incomplete, and the individual defendants failed to respond at all. All the defendants have appealed.

Again, defendants' arguments border on the frivolous in view of settled law. Defendants did not post a supersedeas bond or obtain a stay of the judgment pending appeal. Therefore, plaintiff may treat the judgment as final and execute upon it. *Hovey v. McDonald,* 109 U.S. 150, 157, 3 S.Ct. 136, 140, 27 L.Ed. 888 (1883); *Orchard v. Hughes,* 1 Wall. 73, 76, 68 U.S. 73, 76, 17 L.Ed. 560 (1863); *American Grain Association v. Lee-Vac, Ltd.,* 630 F.2d 245, 247 (5th Cir.1980); 9 J. Moore, *Federal Practice* ¶ 208.03 (1982). If a judgment may be executed upon after an appeal has been filed, certainly discovery in aid of its execution is not precluded by the filing of an appeal. *See International Paper Co. v. Whitson,* 595 F.2d 559, 562 (10th Cir.1979); *Sirloin Room, Inc. v. American Employers Insurance Co.,* 360 F.2d 160, 161 (5th Cir.1966); *Printing & Paper Trades Auxiliary Workers v. Cuneo Eastern Press, Inc.,* 72 F.R.D. 588, 590 n. 1 (E.D.Pa.1976), *aff'd,* 549 F.2d 796 (3d Cir. 1977); 9 J. Moore, *supra* at ¶ 203.11.

Defendants claim the production of documents in Atlanta is burdensome to them as nonresidents of Georgia. Defendants' reliance on case law concerning deposition of a nonresident at a location removed from his or her place of residence is misplaced. The form of the discovery at issue is nothing more than written interrogatories and requests for production of documents. No travel is required. Significantly, defendants have not objected to the scope of discovery. The district court did not abuse its broad discretion in compelling defendants' compliance with the post-judgment discovery requests of plaintiff. *See Brown v. Arlen Management Corp.,* 663 F.2d 575, 580 (5th Cir.1981); 8 C. Wright & A. Miller, *Federal Practice & Procedure* § 2036 (1970).

Defendants argue that plaintiff's suit on its judgment in Virginia renders moot the post-judgment discovery attempted in *Georgia.* This argument necessarily assumes that a party is entitled to seek discovery of information only with respect to the state in which the action is pending. The language of Fed.R.Civ.P. 26(b)(1), however, defines the scope of discovery as "any matter, not privileged, which is relevant to the subject matter involved in the pending action...." This phrase is to be construed broadly. *See Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978); *Hickman v. Taylor,* 329 U.S. 495, 501, 67 S.Ct. 385, 388, 91 L.Ed. 451 (1947). A judgment creditor is entitled to discover the identity and location of any of the judgment debtor's assets, wherever located. *First Federal Savings & Loan Association v. Fisher,* 422 F.Supp. 1, 4 (N.D.Ga.1976), *aff'd,* 544 F.2d 902 (5th Cir.1977). *See Caisson Corp. v. County West Building Corp.,* 62 F.R.D. 331, 334 (E.D.Pa.1974) (judgment debtor free to make broad inquiry to discover assets). The argument is without merit.

Finally, the award of damages to plaintiff was justified on the face of the record. Defendants' refusal to respond to post-judgment discovery filed in October 1981 has delayed any attempt to collect for over a year. Due to the difference between the interest rate of the judgment and the interest rate of the promissory note, each day's delay is costly to plaintiff. The contingent contempt sanctions are clearly supported by the evidence before the district judge.

*Conclusion*

Plaintiff moved to dismiss this appeal as frivolous and interposed solely for delay. The motion was ordered carried with the case. As plaintiff noted, defendants have profitably avoided payment on the promissory note and guarantee agreement and have evinced no intention to meet their obligation. Their arguments are completely devoid of merit. Accordingly, pursuant to Fed.R.App.P. 38, we affirm the district court and agree with plaintiff that it is entitled to double costs on appeal, reasonable attorneys fees, and damages which reflect an increase in the applicable interest rate on the judgment of the district court to the rate prescribed in the note. *See Oscar Gruss & Son v. Lumbermens Mutual Casualty Co.,* 422 F.2d 1278 (2d Cir.1970). Therefore, we remand this case to the district court for the purpose of entering a separate judgment for those amounts.

AFFIRMED AND REMANDED.