824 F.2d 976
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Nancy Lee PRESSON, f/k/a Nancy Lee Janson, Appellant,
v.
Robert M. SLAYDEN, et al., Appellee.
 Appeal No. 86-1545.
 United States Court of Appeals, Federal Circuit.
 April 13, 1987.
 
 Before MARKEY, Chief Judge, and RICH and SMITH, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The orders of the United States District Court for the Northern District of Georgia (Ward, J.): (a) dismissing for lack of subject matter jurisdiction Counts 1 and 2 of Nancy Lee Presson's (Presson's) complaint; (b) granting the Secretary's motion for summary judgment with respect to Count 3 of that complaint; and (c) denying Presson's motion to amend that complaint after judgment was entered, are affirmed.
 
 OPINION
 
 2
 The district court's jurisdiction over Count 3 was based in part on the "Little Tucker Act," 28 U.S.C. Sec. 1346(a)(2). Accordingly, this court has jurisdiction over the entire case, 28 U.S.C. Sec. 1295(a)(2), and applies the discernible guidance of regional circuit law, here the Eleventh Circuit, to Counts 1 and 2 which do not implicate the Little Tucker jurisprudence of this court, United States v. Cook, 795 F.2d 987, 992 n. 4 (Fed.Cir.1986).
 
 
 3
 Because the Supreme Court in Chappell v. Wallace, 462 U.S. 296 (1983), held that enlisted military personnel may not ordinarily maintain a suit to recover damages from a superior officer for alleged constitutional violations under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), Presson has abandoned her constitutional claims. We need not, and do not, therefore, address whether the district court erred in determining that Presson's constitutional allegations Counts 1 and 2 amounted to "nothing more than state law torts." Presson v. Slayden, 570 F.Supp. 842, 848 (N.D.Ga.1983).
 
 
 4
 Under the Feres doctrine, the "Government is not liable under the Federal Tort Claims Act [FTCA] for injuries to servicemen where the injuries arise out of or are in the course of activity incident to the service." Feres v. United States, 340 U.S. 135, 146 (1950); see Cole v. United States, 755 F.2d 873 (11th Cir.1985). Because "the Feres doctrine cannot be reduced to a few bright-line rules, each case must be examined in light of the statute as it has been construed in Feres and subsequent cases." United States v. Shearer, 105 S.Ct. 3039, 3043 (1985); see Johnson v. United States, 779 F.2d 1492 (11th Cir.1986) (en banc ), reinstating, 749 F.2d 1530 (11th Cir.1985), cert. granted, 107 S.Ct. 59 (1986). In the Eleventh Circuit, courts are required to conduct a "case-by-case analysis to determine whether the purpose of the Feres doctrine would be served" by precluding the claim against the government. United States v. Stanley, 786 F.2d 1490 (11th Cir.), cert. granted, 107 S.Ct. 642 (1986). In Shearer, the Supreme Court applied the Feres bar where the suit: (1) would require the court to second-guess military decisions, and (2) might impair essential military discipline. 105 S.Ct. at 3043.
 
 
 5
 Accepting Presson's fact allegations as true, we hold that the district court correctly concluded that Counts 1 and 2 are barred by the Feres doctrine. Entertaining Presson's Count 1 allegation that her superior officers willfully, fraudulently, in bad faith, and secretly acted to create a basis for discharging her from the Army clearly compels the court to second-guess military decisions. The alleged acts complained of go "directly to the 'management' of the military; [they call] into question basic choices about the discipline, supervision, and control" of servicemen. Shearer, 105 S.Ct. at 3043. Presson's claim, if permitted, "would involve the judiciary in sensitive military affairs at the expense of military discipline and effectiveness," id. at 3044, and would require Army officers "to testify in court as to each other's decisions and actions," Stencel Aero Engineering Corp. v. United States, 431 U.S. 666, 673 (1977). The same is true of Presson's pre- and post-discharge conspiracy allegations of Count 2. Cf. Bois v. Marsh, 801 F.2d 462, 470 (D.C.Cir.1986) (allowing conspiracy claim under 42 U.S.C. Sec. 1985(3) would tend to pit plaintiff's superiors against one another).
 
 
 6
 Neither the recent Eleventh Circuit decisions cited above nor the pre-Feres Wilkes v. Dinsman, 53 U.S. (12 How.) 390 (1851), mandates the result for which Presson argues. Johnson, Cole, and Stanley merely require a case-by-case analysis before the Feres doctrine may bar a claim. Because barring Presson's claim clearly fosters the purpose of the Feres doctrine, as recently observed by the Supreme Court in Shearer, we see no reason to remand the case for the district court to reevaluate the claim in light of recent Eleventh Circuit rulings.
 
 
 7
 In Count 3, Presson challenges a decision of the Army Board for Correction of Military Records (ABCMR) finding that she failed to submit sufficient evidence to warrant a formal hearing and denying her request to correct her military records. Presson is bound by the ABCMR's decision unless she can establish by "cogent and clearly convincing evidence" that that decision was arbitrary, capricious, contrary to law, or unsupported by substantial evidence. Wronke v. Marsh, 787 F.2d 1569, 1576 (Fed.Cir.), cert. denied, 107 S.Ct. 573 (1986).
 
 
 8
 Presson has failed to show that the district court erred in granting the government's motion for summary judgment and thus upholding the ABCMR's decision. The district court correctly determined that Presson was afforded procedural due process before the Physical Evaluation Board (PEB) and before the ABCMR where she was denied a purely discretionary formal hearing. See Flute v. United States, 535 F.2d 624, 628 (Ct.Cl.1976). Presson has pointed to no evidence that could support her bald assertion that her counsel before the PEB was incompetent. Nor has she pointed to facts that would establish excusable neglect as the basis for her failure to make certain evidence, alleged to be newly discovered evidence, a part of the record before the ABCMR.
 
 
 9
 Lastly, Presson has failed to establish that the district court abused its discretion in denying her final motion to amend her complaint. See National Service Industries, Inc. v. Vafla Corp., 694 F.2d 246, 249 (11th Cir.1982) (decision to grant leave is within the sound discretion of the trial court). The district court noted that: (1) the amendment sought to introduce new theories of recovery a month after judgment had been entered against her; and (2) such an amendment would encumber the court with piecemeal litigation and would prejudice the government. Under those circumstances, the district court correctly shifted to Presson the burden of showing good cause why the amendment should be allowed, see Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc., 713 F.2d 618, 623 (11th Cir.1983), a burden Presson failed to carry before the district court.