[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12806

Non-Argument Calendar

_____

RANDALL POOLE,

Plaintiff-Appellant,

*versus*

WICHARD S.A.S.,

Defendant,

WICHARD, INC.,
VERMEER SOUTHEAST SALES AND SERVICE, INC.,

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:19-cv-02057-ACA

———————————

Before BRANCH, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Plaintiff Randall Poole appeals the district court's denial of his motion for leave to amend that proved determinative at the summary judgment stage. After denying the motion, the district court granted summary judgment for the defendants, Vermeer Southeast Sales & Services, Inc. ("Vermeer") and Wichard, Inc. ("Wichard"), on all of Poole's claims in a product liability lawsuit purportedly involving an eight-millimeter shackle for a safety harness. Poole argues that the district court abused its discretion by denying his motion for leave to amend his complaint because of undue delay.

In his initial complaint, Poole alleged that he was injured by a five-millimeter, twisted shackle. After Poole failed to produce any evidence that the shackle identified in his complaint caused his injuries, Vermeer filed for summary judgment. A month later, Poole sought the district court's leave to amend his complaint to change the product at issue. But after briefing and a merits hearing, the district court denied Poole's motion because of undue delay.

Shortly thereafter, Wichard filed for summary judgment. After oral argument, the district court granted the defendants' motions for summary judgment. Because the decision to deny leave to amend was not an abuse of discretion, we affirm the district court's denial and, after *de novo* review, its decision thereafter to grant summary judgment.

## I.    Background

At the time of his injury, Poole, then a tree trimmer for Cornerstone Tree Services, LLC, ("Cornerstone"), regularly climbed trees while utilizing a fall-protection system composed of various pieces of safety equipment, including a twisted eight-millimeter shackle. But on February 13, 2018, while Poole was atop a tree, his shackle failed and he plummeted to the ground, sustaining serious injuries. Later, after recovering the defective shackle at the site of Poole's injury, Antwon Miller, Cornerstone's owner and operator, testified that he purchased it from Vermeer at some point in 2016 or 2017. Vermeer did not procure the shackle directly from Wichard, and the parties disagree on whether Vermeer obtained it through a third-party.

Poole subsequently filed this product liability suit in Alabama state court against multiple defendants, including Wichard, and Vermeer, which the defendants promptly removed to the United States District Court for the Northern District of

Alabama.[1] Unfortunately for Poole, he incorrectly identified the part at issue, as "the Wichard self-locking twisted shackle (aka Twisted 'clevis') (Part #1222)." Poole even provided a link to the product, again specifically identifying the shackle as part number 1222. Notably, part number 1222 corresponds to a five-millimeter twisted shackle, and Poole concedes he was injured while using an eight-millimeter twisted shackle, or part number 1224. Likewise, Poole's own expert, John T. Whitty, identified the eight-millimeter twisted shackle as the part that allegedly failed, not the five-millimeter twisted shackle described in the complaint.

In February 2020, the parties met and conferred as required by Federal Rule of Civil Procedure 26(f). At that point, Poole knew that he might have named the incorrect part in his complaint. Yet,

---

[1] After the third named defendant, Wichard S.A.S., removed the case to federal court, the district court granted its motion, filed jointly with Poole, seeking to be dismissed from the case. On appeal, we recognized the existence of a jurisdictional question as to whether Wichard S.A.S's citizenship had to be alleged for the purposes of diversity jurisdiction. For purposes of this appeal, we conclude that even if Wichard S.A.S. was not a diverse party, its dismissal as a defendant early in the case cured any jurisdictional defect. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 572–73 (2004) (quotations omitted) ("By now, it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered."); *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) ("Voluntary dismissal, moreover, normally may precede any analysis of subject matter jurisdiction because it is self-executing and moots all pending motions, obviating the need for the district court to exercise its jurisdiction.").

Poole did not attempt to amend his complaint, and the parties engaged in a year of discovery over the wrong shackle. Eventually, in February 2021, Vermeer moved for summary judgment, arguing that Poole could not produce any evidence that it ever sold the specific part identified in the complaint.

With Vermeer's motion pending, Poole finally moved to amend his complaint to remove his allegation of a specific, albeit incorrect, part number. At a subsequent hearing on his motion, Poole's attorney admitted that a year prior, "[w]e could have amended [the complaint] and said, we are not positive it is the 5-millimeter product . . . ." Instead, Poole "sent discovery requests because [he] felt that that was the more appropriate device." Consequently, the district court denied Poole's motion to amend because of his undue delay.

Shortly thereafter, Wichard filed its own motion for summary judgment. The district court ultimately granted summary judgment for Vermeer and Wichard because Poole could not demonstrate that the part he identified in his complaint caused his injury. Poole timely appealed.

## II.    Standard of Review

"We use the abuse of discretion standard when reviewing a district court's decision on whether to grant a motion for leave to amend the pleadings." *Diesel "Repower", Inc. v. Islander Invs. Ltd.*, 271 F.3d 1318, 1321 (11th Cir. 2001).

6                    Opinion of the Court                    21-12806

"We review a district court's grant of summary judgment *de novo*, view[ing] the evidence in the light most favorable to the non-moving party." *Gogel v. Kia Motors Mfg. of Ga., Inc.*, 967 F.3d 1121, 1134 (11th Cir. 2020) (en banc) (quotations omitted). Summary judgment is proper if the materials in the record indicate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III.    Discussion

Poole argues on appeal that the district court abused its discretion by not identifying a justification for its decision denying leave to amend. Additionally, Poole argues that any delay in seeking leave to amend was not undue. He also maintains the district court violated the Federal Rules of Civil Procedure by refusing to evaluate the defendants' motions for summary judgment on the merits.

A court "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). As the Supreme Court explained in *Forman v. Davis*,

> In the absence of any apparent or declared reason—
> such as undue delay, bad faith or dilatory motive on
> the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

371 U.S. 178, 182 (1962). But "[t]he decision whether to grant leave to amend is within the sound discretion of the trial court[;] . . . [it] is not automatic." *Nat'l Serv. Indus., Inc. v. Vafla Corp.*, 694 F.2d 246, 249 (11th Cir. 1982).

Despite Poole's insistence otherwise, the district court provided a reason for refusing to grant him leave to amend his complaint. In its order, the district court explained that Poole knew that he needed to amend his complaint after the parties' conference in February 2020, and nevertheless "failed to provide an adequate explanation for his undue delay in seeking leave to amend." Undue delay is a legitimate reason for the district court to refuse to grant leave to amend. *Foman*, 371 U.S. at 182; *Nat'l Serv. Indus.*, 694 F.2d at 249.

In *Nat'l Serv. Indus.*, we found that "[t]here was no abuse of discretion where the facts supporting the proposed [amendment] were known at the time of the original answer." 694 F.2d at 249. Likewise, here we find that the district court did not abuse its discretion by denying leave to amend where the facts supporting the proposed amendment, that the identity of the part at issue may not have been the one listed in the complaint, were known two months after the complaint was filed and leave to amend was not pursued until over a year later after the discovery and the amended pleadings deadline had passed.

As a result, we evaluate the defendants' motions for summary judgment based on the undisputed facts alleged in Poole's initial, unamended complaint and construing all inferences in the light most favorable to him. *Gogel*, 967 F.3d at 1134. Because Poole concedes that the part that caused his injury was an eight-millimeter twisted shackle, not the five-millimeter shackle identified in his complaint, he cannot prove causation. Therefore, we affirm the district court's grant of summary judgment in favor of Wichard and Vermeer.

**AFFIRMED.**