*John L. Watson, Jr.,* for appellants Case No. 27542.

*Robert Carpenter, Paul H. Anderson, Buddy Welch,* for appellees.

*Mitchell, Pate & Anderson, Paul H. Anderson,* for appellants Case No. 27543.

*A. J. Welch, Jr., John L. Watson, Jr.,* for appellees.

## 27563.   CROSS v. CROSS.

HAWES, Justice. "When a divorce shall be granted, the jury or the judge, as the case may be, shall determine the rights and disabilities of the parties: Provided, however, that no person shall be placed under disability unless there is in the pleadings a special prayer that he be placed under such disabilities." Ga. L. 1946, pp. 90, 93; 1960, pp. 1024, 1025 (Code Ann. § 30-122). A judgment in a divorce proceeding which prohibits the remarriage of the defendant where there was no prayer in the original complaint for such relief and where defendant therein has not filed defensive pleadings nor personally or by attorney appeared in court to defend, is not merely erroneous but is utterly void, since, under the provisions of the foregoing law, the trial court in those circumstances acquires no jurisdiction to enter such a judgment. The provisions of the Civil Practice Act respecting the amendment of pleadings by the introduction of evidence and the grant of relief in accordance with such evidence have no application in cases "where the propriety of such relief was not litigated and the opposing party had no opportunity to assert defenses to such relief." Ga. L. 1966, pp. 609, 658; Code Ann. § 81A-154 (c). It follows that the judgment denying the defendant's motion to vacate and set aside the portion of the divorce decree which forbade his remarriage was erroneous and must

be reversed. *Duncan v. Duncan*, 226 Ga. 605 (176 SE2d 88); *Motes v. Motes*, 229 Ga. 429 (193 SE2d 885).

*Judgment reversed. All the Justices concur.*

SUBMITTED NOVEMBER 15,1972—DECIDED JANUARY 23, 1973.

*James L. Mayson, John D. Jelkes,* for appellant.

27586.   LOFTIN v. THE STATE.

JORDAN, Justice. The defendant waived jury trial and was found guilty on indictments charging him with rape, and armed robbery, misdemeanor pistol, and auto theft. The first three indictments grew out of an occurrence on September 9, 1971, in which the state's evidence showed that he forced himself at gunpoint into his victim's car at 1:00 a.m. near Underground Atlanta, drove her to a secluded spot where he twice raped her at gunpoint, and took some twenty-three dollars from her purse. When he stopped at a service station for gas, the victim grabbed his pistol, jumped from the car and called the police. The auto theft indictment on which he was convicted arose from a separate event on September 25, 1971. The defendant appeals, enumerating error on the ground that defendant was entitled to a separate trial on the auto theft indictment and that the state failed to prove venue in Fulton County in the rape and related cases. *Held:*

1. The first enumeration of error is without merit since the record fails to show that a proper objection was made in the trial court to the state proceeding on all the indictments in one trial. Defendant's counsel merely stated that objection was made "to the State proceeding against him on all indictments. They are