## 59831. SLAUGHTER v. FAUST et al.

SHULMAN, Judge.

After securing a default judgment against appellees, appellant gave them notice of his intent to execute the judgment by levy. An attorney retained by appellees communicated to appellant his contention that the judgment was void because the service copy of the complaint served on appellees was not signed by the clerk of the trial court. Alleging a concern that a suit for damages would follow any attempt to enforce the judgment, appellant sought a declaratory judgment that the default judgment was valid. This appeal is from the judgment of the trial court holding the default judgment void. We

reverse.

1. We must first consider the propriety of employing the declaratory judgment process as a vehicle for determining the validity of a previous adjudication. While it may appear that the rights of the parties have been settled by the previous adjudication, closer analysis indicates that a justiciable controversy exists concerning the rights of the parties and the plaintiff/appellant is in need of guidance from the court.

In *Cook v. Sikes,* 210 Ga. 722, 726 (82 SE2d 641), the Supreme Court held that a justiciable controversy "must include a right claimed by one party and denied by the other [and there must be] ... interested parties asserting adverse claims upon a state of facts which have accrued. [Cits.]" Applying that holding to the facts in this case, it is apparent that a justiciable controversy exists: appellant claims a right to levy on the default judgment and appellees deny it, contending that the default judgment is void because service was insufficient; the facts concerning service are not disputed.

Furthermore, this is not a case in which the rights of the parties have accrued, rendering declaratory judgment inappropriate. "The object of the declaratory judgment is to permit determination of a controversy before obligations are repudiated or rights are violated ... [I]ts purpose is to permit one who is walking in the dark to ascertain where he is and where he is going, to turn on the light before he steps rather than after he has stepped in a hole. [Cits.]" *Rowan v. Herring,* 214 Ga. 370, 374 (105 SE2d 29).

The appellees contend that a levy on the judgment would violate their rights, not that their rights have already been violated. The hole into which appellant wishes to avoid stepping is a suit for damages for levying upon a void judgment. The rights of the parties have not accrued; appellant was in need of guidance. We hold, therefore, that a declaratory judgment proceeding was the appropriate vehicle for securing a determination of the validity of the judgment.

2. Appellees argue that the lack of the clerk's signature rendered service void. We disagree. See in this regard *Harris v. Taylor,* 148 Ga. 663 (1) (98 SE 86).

Even assuming, however, that such service was improper, we hold that since defendant failed to either make a motion in accordance with Code Ann. § 81A-112 (h) (1A) or include his defense of lack of jurisdiction in a responsive pleading to the original complaint in accordance with § 81A-112 (h) (1B), the defense of lack of jurisdiction (based upon improper service) was waived. *Hill v. Hill,* 143 Ga. App. 549 (1) (239 SE2d 154), revd. on other grounds, 241 Ga. 218 (244 SE2d 862); *Wilkie v. Wilkie,* 240 Ga. 287 (1) (240 SE2d 84); *Whitby v. Maloy,* 145 Ga. App. 785 (2) (245 SE2d 5).

*Judgment reversed. Quillian, P. J., and Carley, J., concur.*

ARGUED MAY 12, 1980 — DECIDED JUNE 9, 1980 —
REHEARING DENIED JUNE 26, 1980.

*John E. Kardos,* for appellant.
*Guy B. Scott, Jr.,* for appellees.