### 45803. HARRIS v. HARRIS.
(371 SE2d 399)

Gregory, Justice.

Appellee, Virginia Harris, filed suit for divorce against appellant, Aaron Harris, in April 1987. Appellant neither filed an answer nor made an entry of appearance in the case. Appellant concedes that on at least one occasion the attorney for appellee suggested he file defensive pleadings. No settlement attempts were made by either party. In October 1987 the trial court, following an ex parte hearing, entered judgment granting a divorce and making a division of the parties' property. Appellant then moved to set aside the judgment, contending that he was entitled to notice of the ex parte hearing. The trial court denied the motion and we granted appellant's application to appeal.

Appellant argues that he was denied due process of law by not being notified of the hearing because the property division made by the trial court differed from that sought by appellee in her complaint.

Where a party fails to file defensive pleadings in a divorce action, he waives notice of the hearing on the final divorce decree. *Carter v. Carter,* 244 Ga. 670·(261 SE2d 619) (1979); *Harris v. Harris,* 228 Ga. 562 (187 SE2d 139) (1972); OCGA § 9-11-5 (a). However, this court has held that a party is entitled to notice of issues not raised in the complaint which are decided by the court in a divorce action, notwithstanding the fact that no answer has been filed. *Lambert v. Gilmer,* 228 Ga. 774 (187 SE2d 855) (1972). This is so because the complaint does not put the opposing party on notice that he will have to defend against these issues.

In this case paragraph five of appellee's complaint provided, "[Appellee] shows that [Appellant] is entitled to possession and title to the house owned by the parties."[1] During her testimony at the ex

---

[1] In her complaint, appellee prayed that the parties' property be divided as follows: ap-

parte hearing, however, appellee requested that the trial court award this house to her. The trial court included this house in its award to appellee. Appellant was not put on notice by the complaint that he would have to defend against the wife's claim to the marital home. Further, OCGA § 9-11-54 (c) (1) provides, in part, "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." This judgment was different in amount from that prayed for by appellee, and must be reversed.

*Judgment reversed. All the Justices concur.*

### DECIDED SEPTEMBER 8, 1988.

*Kenneth W. Musgrove,* for appellant.
*Harry L. Wingate, Jr.,* for appellee.

---

pellant to receive the home in question and a 1986 van; appellee to receive one-half the cost of the tractor or $1500, $400/month alimony for 12 months, two cemetery lots, a 1986 car, and a house and 19 acres in Albany, Georgia which was titled in appellee's name. Additionally, appellee stated in the complaint that she was willing to assume the payments on the parties' charge card obligation. Appellee's attorney conceded at oral argument before this court that appellee made additional requests for relief at the ex parte hearing. The judgment of the trial court awarded appellee the home in question, household belongings, $100/month alimony for 12 months, reimbursement for payments she had made on the van and ordered appellant to pay the charge card bill for 12 months. Appellant was awarded the cemetery lots, the tractor and household furnishings.