## S99A1310. HACKBART v. HACKBART.
### (526 SE2d 840)

HINES, Justice.

Michael Hayes Hackbart appeals from an award of child support in this divorce case. This Court granted his application for discretionary appeal to determine whether the award was appropriate when the complaint contained no plea for child support and the defendant neither answered nor appeared. For the reasons that follow, we reverse.

Michael Hayes Hackbart and Elizabeth Gail Hackbart were married on April 25, 1992. Their only child, Shane, was born in 1994. In 1995, Ms. Hackbart and Shane moved from California to Georgia. Mr. Hackbart joined Ms. Hackbart and Shane in March 1996, but resided in Georgia only until October 1996, and has not visited the state since April 1998. Ms. Hackbart filed for divorce on October 1, 1998. Mr. Hackbart was served by publication and served by second original at his home in the State of Washington. Mr. Hackbart did not respond to or answer the complaint. The complaint prayed for a divorce, that Ms. Hackbart be awarded temporary and permanent custody of Shane, and that Ms. Hackbart be awarded specified real and personal property. The complaint did not include a prayer for child support, nor any allegation that Mr. Hackbart was obligated for such, and there was no request for periodic alimony, only the plea that Ms. Hackbart be awarded the property listed; all property Ms. Hackbart sought was identified in the complaint as being titled in her name. Mr. Hackbart did not appear at the final hearing nor enter any pleadings. In the final decree, the trial court awarded $900 per month in child support; there had been no request for, nor order on, temporary child support.

A trial court may not award relief beyond that sought in the complaint when the defendant does not file defensive pleadings and does not appear at trial. *Ticor Constr. Co. v. Brown,* 255 Ga. 547, 548 (2) (340 SE2d 923) (1986); *Cross v. Cross,* 230 Ga. 91 (195 SE2d 439) (1973); *Lambert v. Gilmer,* 228 Ga. 774 (187 SE2d 855) (1972). Further, in such circumstances a complaint may not be amended to con-

form to the evidence. See OCGA § 9-11-54 (c) (1); *Ticor*, supra at 548 (2); *Lambert*, supra. Here, the complaint did not seek child support or any other relief that would result in Mr. Hackbart's incurring monetary liability, and it was error to include such an award in the final decree. While OCGA § 19-5-10 allows a court presiding over an undefended divorce case to conduct a hearing and make a determination on child support, it does not authorize a court to grant relief beyond that requested in the pleadings.

Ms. Hackbart contends that Mr. Hackbart was put on notice that child support would be an issue in the case because the complaint recited that Mr. Hackbart's 1997 income was approximately $56,000, that he contributed only $750 in child support since October 1996, that Mr. Hackbart abused her, and that he threatened to "make her sorry" if she ever asked for child support. However, these are only factual recitations and do not substitute for a request that the court award child support. Mr. Hackbart contends that he chose not to respond and incur the expense of litigation in Georgia because none of the complaint's requested relief placed any liability upon him. The record is silent as to any choice on Mr. Hackbart's part, but the complaint clearly did not put him on notice that he would be liable for any money judgment as a result of the litigation, for child support or otherwise; the complaint asked for a divorce, custody, and for Ms. Hackbart to be given property, all of which was identified as being titled in her name. Without more, that portion of the divorce decree awarding child support is in error and must be reversed.

Ms. Hackbart is not, however, barred from enforcing Mr. Hackbart's responsibility to support his child. See OCGA § 19-7-2. As the trial court erred in awarding child support in this case, the proper view of the decree is that it is silent as to child support. Consequently, Ms. Hackbart may institute an original action for an award of child support. See OCGA § 19-6-17; *Conley v. Conley*, 259 Ga. 68, 69-70 (3), (4) (377 SE2d 663) (1989); *Strange v. Strange*, 222 Ga. 44 (148 SE2d 494) (1966).

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 31, 2000.

*Power & Westbury, James R. Westbury, Jr.,* for appellant.
*Eloise W. Newhard,* for appellee.