## S03A0973. KOBY v. KOBY.
### (587 SE2d 48)

HINES, Justice.

We granted the application for discretionary appeal in this divorce case to determine if the trial court was correct in denying the motion to set aside the judgment. Finding that the trial court granted relief beyond that requested in the unanswered complaint, we affirm in part and reverse in part.

Tina Elizabeth Bowen Koby and Thornton P. Koby were married in 1995. They separated in October 2001; there were two children of the marriage. Mr. Koby filed a complaint for divorce in February 2002, and Ms. Koby signed an acknowledgment of service. Ms. Koby retained counsel but did not file any responsive pleading and no entry of appearance was filed on her behalf. A trial was held on August 7, 2002; Ms. Koby did not attend. The court granted the divorce, gave sole custody of the children to Mr. Koby, and awarded child support to be paid by Ms. Koby.

Ms. Koby moved to set aside the judgment of divorce. She claimed that she had not received notice of the trial, that Mr. Koby actively took steps to ensure that she not receive notice, and that she and Mr. Koby had reconciled during the pendency of the divorce. The trial court denied the motion.

1. A party who does not file a responsive pleading waives notice of the time and place of trial. OCGA § 9-11-5 (a); *Lucas v. Lucas*, 273 Ga. 240 (539 SE2d 807) (2000). However, "[a] trial court may not award relief beyond that sought in the complaint when the defendant does not file defensive pleadings and does not appear at trial." *Hackbart v. Hackbart*, 272 Ga. 26 (526 SE2d 840) (2000). See also *Harris v. Harris*, 258 Ga. 496 (371 SE2d 399) (1988). Here the complaint asked that the parties be granted joint custody of the children; there was no mention of child support. Nonetheless, the trial court awarded sole custody of the children to the plaintiff, and also awarded child support. In circumstances such as these, it cannot be deemed that the pleadings are amended to conform to the evidence. See *Hackbart*, supra at 26-27. Accordingly, that portion of the divorce decree awarding custody and child support must be reversed.[1]

---

[1] Ms. Koby's contention that the trial court should have, on its own initiative, appointed a guardian ad litem for the children when the court proceeded to consider custody and support at the uncontested hearing, is rendered moot by this decision.

2. Ms. Koby also asserts that the trial court should have found that the couple reconciled. First, while such is "a defense to a pending divorce action, [it is] not a ground for setting aside a previously entered divorce decree." *Southworth v. Southworth*, 265 Ga. 671, 672 (2) (461 SE2d 215) (1995). Second, the evidence at the hearing on the motion to set aside the judgment was in conflict as to whether there had been a reconciliation, the court specifically found that there was not a bona fide reconciliation, and there was ample evidence to support that conclusion.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED OCTOBER 6, 2003.

*Mary B. Kerr, David R. Wininger*, for appellant.
*Donald L. Mize*, for appellee.