A03A1568. HEAD v. WACHOVIA BANK, N.A.
(591 SE2d 424)

BARNES, Judge.

Dixon R. Head, Jr. appeals the trial court's order denying his motions to set aside and correct clerical errors in an order enforcing a settlement agreement between Head and trust administrator Wachovia Bank, N.A. Because we conclude that Head presented no grounds

to set aside or correct clerical errors in that order, we affirm the trial court's denial of his motions.

Wachovia filed a petition for construction, directions, and declaratory judgment against 53 beneficiaries of a trust administered by the bank. The trust terms were established in 1948 by the will of James D. Robinson, former president and chairman of the board of the First National Bank of Atlanta, and directed the trustee to pay out the net quarterly income to the trust's beneficiaries and encroach on the principal if necessary. The trust further instructed that only dividends were to be treated as distributable income, but further provided that the trustee was authorized to apportion expenditures between principal and income. Because Coca Cola Company stock constitutes a large percentage of the trust principal, and its dividend payments over the past 50 years have not increased commensurate with its market value, Wachovia sought guidance as to its ability to allocate a percentage of capital appreciation to income that could then be paid out to the beneficiaries. This action would increase the annual payout from 1.5 percent to 3.5 percent, and allow Wachovia to rebalance the trust portfolio, which is 95 percent equity investments and five percent fixed income investments.

In paragraph 16 of its petition, Wachovia also stated that it "has properly administered the Trust since its inception, and has made all payments or distributions in accordance with the Will and has held, invested, reinvested and accumulated the Trust *res* in accordance with the Will." In addition to a declaration of its rights and a decree for construction, Wachovia sought a determination that the trust had been properly administered to date.

Head answered, stating that he "does not admit the allegations of Paragraph 16, but lacks sufficient information on which to deny the allegation." He further requested a ruling from the court on whether Wachovia's request for a determination that the trust had been properly administered was properly before the court, and requested that the court receive evidence before ruling on the trust's past administration.

Wachovia subsequently circulated to all defendants a proposed consent order allowing it to alter the payout formula, and Head objected to paragraph 3 (b) of the proposed order, which averred that all the trust's records had been made available for inspection and that all the trust's investments and allocations were proper. The trial court issued a final order adopting Wachovia's proposed order "except as to paragraphs 3 (b) (i) and (ii) solely as such relates to" Head, and further directed Head to file objections to the trust's administration and management within a certain time period, after which the court would hold a hearing. Following that hearing, the court ordered on November 15, 2002, that the consent agreement be enforced, finding

that Head appeared at the scheduled hearing, admitted he had found no irregularities and had formulated no complaints, "but again raised the issue, previously waived, of whether or not it was proper for the plaintiffs to have brought them before the Court."

Head filed a motion for reconsideration on November 22, 2002, and filed motions to set aside the judgment or to correct clerical errors on December 16, 2002. On January 10, 2003, the trial court denied the motions to set aside or correct errors, and Head appealed from this order on February 10, 2003.

"[U]nlike a motion for new trial, motion in arrest of judgment, or motion for judgment notwithstanding the verdict, a motion for reconsideration does not extend the time for filing a notice of appeal." *Becker v. Fairman*, 167 Ga. App. 708, 709 (1) (307 SE2d 520) (1983). Therefore, what Head has appealed is not the final order of November 15, 2002, which made the proposed consent agreement the order of the court, but rather he has appealed the trial court's order denying his motion to set aside the judgment under OCGA § 9-11-60 (d) and his motion to correct clerical errors in the judgment under OCGA § 9-11-60 (g). In other words, we will not address the propriety of the trial court's order adopting that portion of the consent agreement which determined that the trust had been properly administered. If Head had appealed the November 15, 2002 order within 30 days, then we could address the substantive issue he attempts to raise before us now, which is whether the trust could bring, in addition to its petition for construction, a declaratory judgment action seeking to ratify its administration. But that issue is not before us. Rather, we only look at whether the trial court erred in denying Head's motions brought under OCGA § 9-11-60.

1. Head properly filed a direct appeal of the trial court's order denying his motion to correct clerical errors under OCGA § 9-11-60 (g), and an application for discretionary appeal of the trial court's order denying his motion to set aside under OCGA § 9-11-60 (d). By order, this court dismissed the application, because we may review the OCGA § 9-11-60 (d) ruling in the direct appeal of the OCGA § 9-11-60 (g) ruling. *Leventhal v. Moseley*, 264 Ga. 891 (453 SE2d 455) (1995).

2. Head contends the trial court erred in denying his motion to set aside the judgment for lack of subject matter jurisdiction, under OCGA § 9-11-60 (d) (1). "A trial court's decision regarding a motion to set aside a judgment will not be reversed absent a showing of manifest abuse of discretion. [Cit.]" (Punctuation omitted.) *T.A.I. Computer v. CLN Enterprises*, 237 Ga. App. 646 (516 SE2d 340) (1999). Head's motion, however, repeats word for word the arguments he

raised in his motion for reconsideration,[1] which were the same arguments he raised before the court issued its final ruling on November 15, 2002. While Head asserts the motion to set aside is proper under OCGA § 9-11-60 (d) (1) because the trial court did not have subject matter jurisdiction to rule on a declaratory judgment action that did present an actual controversy under the Declaratory Judgment Act, OCGA § 9-4-2 (a), his motion is actually one seeking reconsideration and an attempt to relitigate the issue already decided. "Under our rules, pleadings are judged by their function and not the name given by a party. [Cit.]" *Andrew L. Parks, Inc. v. SunTrust Bank*, 248 Ga. App. 846, 847 (545 SE2d 31) (2001). Further, the superior court had subject matter jurisdiction to consider whether Wachovia was entitled to the relief it sought, as a suit for a trust accounting is properly brought in superior court. *Salter v. Salter*, 209 Ga. 90, 97 (3) (70 SE2d 453) (1952). The trial court did not abuse its discretion in denying Head's motion.

3. Head also contends the trial court erred in denying his motion to correct clerical errors in the final order, pursuant to the provisions of OCGA § 9-11-60 (g). The six errors of which Head complains involve alleged misstatements of dates or suggest factual additions or subtractions to the trial court's order, such as deleting the phrase "previously waived" from the following sentence in the court's order: "[Head] admitted [he] had found no irregularities and had formulated no complaints, but again raised the issue, previously waived, of whether or not it was proper for the plaintiffs to have brought [him] before the Court." "The error[s] which [Head] seek[s] to have corrected here cannot in any way be said to be clerical or typographical or to have arisen from oversight or omission, within the meaning of [OCGA § 9-11-60 (g)]." *Cooley v. All the World*, 247 Ga. 459, 460 (2) (276 SE2d 615) (1981). We find no error in the trial court's order denying Head's motion.

*Judgment affirmed. Johnson, P. J., and Adams, J., concur. Andrews, P. J., not participating.*

DECIDED NOVEMBER 25, 2003 —
RECONSIDERATION DENIED DECEMBER 9, 2003 — 

*Greenfield, Bost & Kliros, William L. Bost, Jr.*, for appellant.

---

[1] We note that, in his notice of appeal, Head directed the clerk to omit his motion for reconsideration from the record on appeal, but Wachovia asked that it be forwarded to this court with the rest of the record.

*Jones, Day, Reavis & Pogue, Ralph R. Morrison, Gregory R. Hanthorn,* for appellee.