A07A0126. IN RE ESTATE OF THOMAS.
(647 SE2d 326)

MIKELL, Judge.

This case involves an appeal from a superior court order dismissing as untimely an appeal from a probate court order. Joyce Nottingham, the executrix of the estate of Clarence E. Thomas, Sr., filed a petition for discharge in the Probate Court of Newton County on October 13, 2003, on the ground that she had fully administered the decedent's estate. On May 17, 2004, the probate court granted the petition discharging Nottingham as executrix. In its order, the court noted that Nottingham had incorrectly calculated her commission and overpaid her attorney. The court ordered that Nottingham receive a commission in the amount of $6,004.13, return $4,300 to the estate for excessive attorney fees paid, and turn over the estate property to the beneficiaries upon the adjustment of these amounts. On June 7, 2004, Nottingham filed a "Motion for Reconsideration and to Set-aside Judgment," which the decedent's heirs opposed. On November 24, 2004, the probate court denied the motion to set aside judgment but reconsidered the case, issuing an order that included findings of facts and conclusions of law on the issue of excessive attorney fees, and increased the amount that Nottingham was to reimburse the estate to $7,841.87.

Nottingham appealed the probate court's judgment to the Superior Court of Newton County on January 4, 2005. One of the heirs filed a motion for nonjury hearing, arguing that the appeal should be dismissed as untimely. The hearing was held on April 12, 2006, and the trial court dismissed Nottingham's appeal as untimely. We find no error.

1. "It is well settled that neither a motion for reconsideration of a final judgment nor a motion to set aside a final judgment extends

the time for filing a notice of appeal."[1] In this case, the final judgment was the probate court's May 17, 2004 order. Thus, in accordance with OCGA §§ 5-3-2 (a)[2] and 5-3-20 (a),[3] Nottingham was required to appeal that order to the superior court within thirty days of its entry, rather than the court's order on her motion for reconsideration.[4] Despite the nomenclature of Nottingham's motion,[5] she was requesting that the trial court amend the amounts she was ordered to receive as compensation and to reimburse the estate. Even orders on motions to amend are unappealable judgments[6] that do not extend the time for filing a notice of appeal. Therefore, the trial court properly dismissed Nottingham's appeal.

2. Nottingham argues that the trial court's letter of transmittal accompanying the November 24 order, which stated that "[e]ither party has thirty days in which to appeal the ruling of this court," extended the time for filing the notice of appeal. Because Nottingham did not raise this argument below,[7] however, it was not preserved for our review.[8]

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MAY 31, 2007.

*Robinson & Dixon, Paul T. Robinson*, for appellant.
*Greer, Stansfield & Turner, Robert H. Stansfield*, for appellee.

---

[1] (Citation omitted.) *N. C. Constr. Co. v. Action Mobilplatform*, 187 Ga. App. 507 (370 SE2d 800) (1988). See *Head v. Wachovia Bank*, 264 Ga. App. 608, 610 (591 SE2d 424) (2004) (motion for reconsideration). See also *MMT Enterprises v. Cullars*, 218 Ga. App. 559, 561 (2) (462 SE2d 771) (1995) (cases holding that a motion to set aside can extend the time for filing a notice of appeal have been superseded by statute).

[2] "An appeal shall lie to the superior court from any decision made by the probate court, except an order appointing a temporary administrator."

[3] "Appeals to the superior court shall be filed within 30 days of the date the judgment, order, or decision complained of was entered."

[4] See *In re Estate of Dasher*, 259 Ga. App. 201, 202 (576 SE2d 559) (2003) (appeal from probate court order untimely where party filed notice of appeal to superior court 33 days after entry of order appealed from).

[5] *All Tech Co. v. Laimer Unicon*, 281 Ga. App. 579, 580 (1) (636 SE2d 753) (2006) (the substance of a motion and not its mere nomenclature controls as pleadings are judged by their function rather than name given by a party).

[6] *Jabaley v. Jabaley*, 208 Ga. App. 179, 183 (3) (b) (4) (430 SE2d 119) (1993).

[7] The transcript from the hearing on the motion to dismiss is not included in the record, and Nottingham's letter brief filed after the hearing does not raise this argument.

[8] *Johnson v. Riverdale Anesthesia Assoc.*, 249 Ga. App. 152, 153 (1), n. 6 (547 SE2d 347) (2001).