### A08A0398. WILLIAMS v. JONES.
(662 SE2d 195)

PHIPPS, Judge.

Quatarsha Williams filed a petition for a protective order charging Curtis Jones with various acts of family violence. At the time of the filing of the petition, Williams and Jones were unmarried but resided in the same household with their infant child. Following an unreported hearing, the court entered a family violence protective order containing a number of provisions mutually binding on the parties. We granted Williams's application for discretionary appeal. Finding that the superior court lacked authority under the Family Violence Act to include certain of the mutually binding provisions in

the order, we reverse the order in part, affirm it in part, and remand the case for entry of a new order.

Williams's petition alleged that Jones had verbally and physically abused her shortly before the filing of the petition and on previous occasions, and that he had a rather lengthy arrest record. In the petition, Williams acknowledged that in at least one instance she had reacted to Jones's serious physical abuse of her by criminally damaging his property. Jones was promptly served with a copy of the petition. Without having filed any pleadings, Jones appeared at the hearing on the petition and represented himself pro se.

In its order, the court found that Jones had committed acts of family violence that placed Williams in reasonable fear for her safety and that represented a credible threat to her physical safety. The order, however, enjoins and restrains both Jones *and* Williams from doing, or attempting or threatening to do, any "act of injury, maltreating, molesting, following, harassing, harming, or abusing the other and/or the minor child/ren in any manner." The order additionally orders both parties not to go within 100 yards of each other; to stay away from each other's residence, workplace, and school; not to have any direct or indirect contact with one another; and not to interfere with each other's travel, transportation, or communication for purposes of harassment or intimidation. And it requires both of them to undergo a batterer's intervention program and alcohol/drug abuse evaluation, follow treatment recommendations, and surrender all firearms. In addition, Williams was awarded temporary custody of the parties' child, and Jones was ordered to pay child support.

The Family Violence Act is codified at OCGA § 19-13-1 et seq. OCGA § 19-13-1 states that, as used in the Act, the term "family violence" means

> the occurrence of one or more of the following acts between past or present spouses, persons who are parents of the same child, parents and children, stepparents and stepchildren, foster parents and foster children, or other persons living or formerly living in the same household: (1) Any felony; or (2) Commission of offenses of battery, simple battery, simple assault, assault, stalking, criminal damage to property, unlawful restraint, or criminal trespass.

OCGA § 19-13-3 (a) authorizes any adult, either on his or her own behalf or on behalf of a minor, to file a petition with the superior court alleging acts of family violence. OCGA § 19-13-3 (b) authorizes the court to order temporary ex parte relief upon the filing of a verified petition alleging specific facts that probable cause exists to

establish the past or likely future occurrence of family violence. OCGA § 19-13-3 (c) generally requires a hearing on the petition no later than 30 days after its filing.

OCGA § 19-13-4 (a) provides, however, that

> the court shall not have the authority to issue or approve mutual protective orders concerning paragraph (1), (2), (5), (9), or (11) of this subsection, or any combination thereof, unless the respondent has filed a verified petition as a counter petition pursuant to Code Section 19-13-3 no later than three days . . . prior to the hearing and the provisions of Code Section 19-13-3 have been satisfied.

OCGA § 19-13-4 (a) (1) authorizes the court to "[d]irect the respondent to refrain from" acts of family violence. Under OCGA § 19-13-4 (a) (2), the court may "[g]rant to a party possession of the residence or household of the parties and exclude the other party from the residence or household." OCGA § 19-13-4 (a) (5) permits the court to "[o]rder the eviction of a party from the residence or household and order assistance to the victim in returning to it, or order assistance in retrieving personal property of the victim if the respondent's eviction has not been ordered." Under OCGA § 19-13-4 (a) (9), the court may "[o]rder the respondent to refrain from harassing or interfering with the victim." And under OCGA § 19-13-4 (a) (11), the court may "[o]rder the respondent to receive appropriate psychiatric or psychological services as a further measure to prevent the recurrence of family violence." The remaining paragraphs of OCGA § 19-13-4 (a) authorize the court, among other things, to award temporary child custody and visitation and to order either party to make child or spousal support payments.

Here, the superior court entered a mutual protective order concerning paragraphs (1), (9), and (11) of OCGA § 19-13-4 (a) to the extent that the court enjoined and restrained Williams as well as Jones from harassing or interfering with each other and to the extent that it required both of them to undergo a batterer's intervention program and alcohol/drug abuse evaluation. Because the record shows that Jones did not file a verified counter petition to Williams's petition, OCGA § 19-13-4 (a) deprived the superior court of the legal authority to include such mutually protective provisions in the order.

Mutual protective orders, i.e., orders entered against both parties to a dispute, have been criticized on grounds that they are based on the misconception that victims of domestic abuse have played a part in provoking it; they encourage people to blame the victim rather than hold the abuser accountable; they reward and empower

the abuser; they confuse the police; and they violate the due process rights of the person against whom they are entered when pleadings requesting such orders and stating the basis upon which they are sought are not served on the person before the hearing.[1] One commentator has opined that a mutual order can be more dangerous to the victim than no order at all.[2] Indeed, under cases such as *Harris v. Harris*,[3] it would appear that Williams's due process rights were violated here because Jones filed nothing to put her on notice that she would have to defend against a claim that the protective order be issued against her.

In fact, her petition alleged that after Jones held her down, beat her, and poured a bottle of bleach into her nose, mouth, and eyes, she broke the windows in his car, thereby resulting in his complaint to the police and her arrest. Williams thereby charged Jones with acts of domestic violence that provided compelling reasons for issuance of a protective order against him for her physical safety. If the acts of domestic violence to which she admitted in her petition were to be used as the basis for issuance of a protective order against her, or if she had engaged in other or different acts warranting such relief, OCGA § 19-13-4 (a) and the requirements of due process entitled her to notice and an opportunity to prepare a defense before appearing at the hearing.

For these reasons, we reverse the order appealed to the extent that it contains provisions rendering it a "mutual protective order concerning paragraph (1), (2), (5), (9), or (11)" of OCGA § 19-13-4 (a), and we affirm the remainder of the order. The case is remanded for entry of a new order consistent with this opinion.

*Judgment affirmed in part and reversed in part, and case remanded. Barnes, C. J., and Johnson, P. J., concur.*

DECIDED MAY 2, 2008.

*Charles T. Wells*, for appellant.
*Christopher L. Walker*, for appellee.
*Karen H. Geiger*, amicus curiae.

---

[1] See "What is Wrong with Mutual Orders of Protection?" by Joan Zorza (accessible at http://www.scvan.org/mutual_orders.html).

[2] Id.

[3] 258 Ga. 496 (371 SE2d 399) (1988).