**FIRST DIVISION**
**PHIPPS, P. J.**
**DOYLE, P. J. and DILLARD, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**November 14, 2012**

# In the Court of Appeals of Georgia

A12A0893. STOKES & CLINTON, P. C. v. NOBLE SYSTEMS   DO-057
    CORP.

DOYLE, Presiding Judge.

Stokes & Clinton, P.C. ("S&C"), appeals from the trial court's refusal to set aside a default judgment pursuant to OCGA § 9-11-60 (d) for various reasons, including that Noble Systems Corp. failed to properly serve S&C. The trial court determined that S&C waived the defense of insufficient service by failing to file a responsive pleading or motion prior to entry of default. We granted S&C's application for discretionary appeal, and for the reasons that follow, we vacate the judgment and remand the case.

The record shows that Noble filed a breach of contract claim against S&C on January 28, 2011. Noble later filed the affidavit of the private process server, Roger

Snow, in which he averred that he had served the complaint on Steven Jacobs, the registered agent of S&C, on February 8, 2011, at 12:55 p.m. at the office of S&C. After S&C failed to answer, Noble filed a certificate of default on April 12, 2011, and the trial court issued an order and final judgment in favor of Noble on April 27, 2011. Prior to entry of the final judgment, on April 19, 2011, S&C filed the affidavit of Jacobs in which he stated that Snow's affidavit was false, Jacobs was never served with the complaint, and video surveillance of the S&C lobby on the day in question showed that a process server left documents on the receptionist desk without serving Jacobs or anyone else. S&C did not file any other documents with the trial court prior to the trial court's April 27, 2011 final judgment.

Thereafter, on May 18, 2011, S&C filed a motion to set aside the default judgment, arguing inter alia, that there was insufficient service of process and personal jurisdiction under OCGA § 9-11-60 (d) (1). The trial court denied the motion to set aside the default judgment and explained that

> in order to challenge the sufficiency of process[,] the Defendant is
> required to make a motion or include its defense of lack of jurisdiction
> in a responsive pleading to the original complaint. Failure to do one or
> the other will result in the defense of lack of jurisdiction for improper

2

service being waived.[1] The Court finds that service was made upon Defendant on February 8, 2011[,] and Defendant was then required to file an Answer within the time allowed. Having failed to file an Answer and/or a motion, the Court properly exercised personal jurisdiction over this matter.

S&C now appeals.

S&C contends that the trial court erred by denying its motion to set aside the judgment for lack of proper service. We agree.

Under Georgia law, when the defense of lack of personal jurisdiction due to defective service is raised by way of a motion to set aside the judgment, the trial court sits as the trier of fact. Our standard of review in this regard is the any evidence rule, and absent an abuse of discretion, we will not reverse a trial court's refusal to set aside a judgment.[2]

The trial court's order denying the motion to set aside the judgment found that S&C waived its right to assert the defense of improper service by failing to file an

---

[1] The trial court relied on *Slaughter v. Faust*, 155 Ga. App. 68 (2) (270 SE2d 218) (1980), in support of this proposition.

[2] (Punctuation omitted.) *Kahlig v. Martinez*, 272 Ga. App. 491 (612 SE2d 833) (2005).

answer or special motion asserting the defense of lack of proper service during the time allotted in OCGA § 9-11-12 (b). This determination was incorrect.

As an initial matter, the affidavit filed by Jacobs on April 19, 2011, did not constitute an answer or appearance on behalf of S&C or act to waive any defenses on behalf of S&C.[3] Moreover, S&C did not waive the defense of lack of proper service by failing to file a responsive pleading or filing a motion to dismiss after being served under Georgia's Long Arm Statute because it appropriately raised the issue via a motion to set aside the judgment pursuant to OCGA § 9-11-60 (d).[4] The language in *Slaughter* that supports the trial court's determination that S&C waived its defense of lack of proper service was dicta as the court found that the lack of signature of the court clerk on the service copies did not render service void.[5] In this case, the trial court erred by simply finding that S&C waived its right to raise the defense of lack

---

[3] See *Chen v. Alexander Terry Assoc.*, 228 Ga. App. 345, 346 (491 SE2d 834) (1997).

[4] See id. at 346 ("the defendants' failure to answer . . . [does not operate] as a waiver of their right to assert lack of personal jurisdiction defenses by motion to open default, by motion to set aside a judgment, or by a subsequent collateral attack"), citing *Hoesch America v. Dai Yang Metal Co., Ltd.*, 217 Ga. App. 845, 847-848 (459 SE2d 187) (1995).

[5] See *Slaughter*, 155 Ga. App. at 69 (2).

4

of proper service and by not determining whether Noble properly served S&C based on a review of the evidence presented by the two parties.

Accordingly, the trial court's denial of S&C's motion to set aside the judgment is vacated and the case is remanded.

*Judgment vacated and case remanded. Phipps, P. J. and Dillard, J., concur.*