**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**December 27, 2022**

# In the Court of Appeals of Georgia

A22A1305. DAGGY v. DAGGY.

MARKLE, Judge.

In this discretionary appeal arising from a divorce proceeding, John Richard Daggy, Jr. appeals from the trial court's order granting custody and attorney fees to his ex-wife, Amanda Louis Daggy. On appeal, John claims the trial court erred by (1) entering a custody determination that granted relief in excess of that sought in the petition; and (2) failing to indicate the statutory basis for the fee award. For the reasons that follow, we reverse the portion of the trial court's order awarding custody, and we vacate and remand the portion of the order awarding attorney fees.

The record shows that the parties were married in 2015 and have one minor child. In 2021, Amanda filed a petition for divorce, seeking joint legal custody and primary physical custody of the child, as well as child support, alimony, and attorney

fees. John was served with the petition, but did not file an answer. Following a hearing, at which John did not appear, the trial court issued a divorce decree, granting Amanda sole legal and physical custody of the child; granting John visitation rights; and ordering him to pay child support, alimony, and attorney fees. John applied for a discretionary appeal, which we granted, and this appeal followed.

1. John first argues that the trial court erred by granting relief in excess of that sought by Amanda without affording him an opportunity to assert a defense. Specifically, he challenges the trial court's award of sole legal and physical custody to Amanda, where she sought only joint legal custody and primary physical custody in the petition. We agree that the trial court exceeded its authority with regard to the custody determination.

It is well-settled that "[a] party who does not file a responsive pleading waives notice of the time and place of trial." *Koby v. Koby*, 277 Ga. 160 (1) (587 SE2d 48) (2003); OCGA § 9-11-5 (a). Nevertheless, "[a] trial court may not award relief beyond that sought in the complaint when the defendant does not file defensive pleadings and does not appear at trial. Further, in such circumstances a complaint may not be amended to conform to the evidence." (Citations omitted.) *Hackbart v. Hackbart*, 272 Ga. 26 (526 SE2d 840) (2000); OCGA § 9-11-54 (c) (1) ("[T]he court

2

shall not give the successful party relief, though he may be entitled to it, where the propriety of the relief was not litigated and the opposing party had no opportunity to assert defenses to such relief.").

Amanda contends that John was put on notice that custody was at issue in the case because she specifically sought a custody determination in the pleadings. However, this argument overlooks the fact that the trial court's custody determination varied from that sought in the pleadings. To illustrate, "joint legal custody," as Amanda sought in the petition, is statutorily defined as an arrangement where

> both parents have equal rights and responsibilities for major decisions concerning the child, including the child's education, health care, extracurricular activities, and religious training; provided, however, that the judge may designate one parent to have sole power to make certain decisions while both parents retain equal rights and responsibilities for other decisions.

OCGA § 19-9-6 (5). Whereas "sole custody," as the trial court decreed here, is where

> a person, including, but not limited to, a parent, has been awarded permanent custody of a child by a court order. Unless otherwise provided by court order, the person awarded sole custody of a child shall have the rights and responsibilities for major decisions concerning the child, including the child's education, health care, extracurricular

3

activities, and religious training, and the noncustodial parent shall have the right to visitation or parenting time.

OCGA § 19-9-6 (11). In other words, the trial court's order effectively bars John from making decisions for the child.[1]

Because the petition provided no notice to John that he was facing such a claim, and the trial court awarded relief beyond that requested in the petition, we must reverse the order as it pertains to the custody determination.[2] See *Koby*, 277 Ga. at 160 (1) (award of sole custody reversed where petition asked for joint custody, and opposing party did not file responsive pleadings nor appear for trial); *Hackbart*, 272 Ga. at 26.

2. Next, John argues that the trial court abused its discretion in awarding attorney fees to Amanda without stating the statutory basis for the award. Amanda concedes the trial court erred in this respect, and we agree. We therefore vacate the

---

[1] The fact that Amanda sought "joint legal custody with final decision-making authority" in the complaint does not affect this outcome. In that scenario, John would still be involved in decision-making for the child. Compare OCGA §§ 19-9-6 (5) with 19-9-6 (11).

[2] Except for the attorney fees award, as addressed below, John does not challenge on appeal any other terms of the trial court's order, including the award of child support or alimony.

fee award and remand the case to the trial court to explain the statutory basis for the award and to make any requisite findings.

> As a general rule, an award of attorney fees and expenses of litigation are not available to the prevailing party unless authorized by statute or contract. To determine the statutory basis for a trial court's award of attorney fees, we look to whether the trial court's order cites a statutory basis for the award or tracks any statutory language, whether the party seeking attorney fees specified the statutory basis for awarding the fees, and whether the record reveals the basis of the award.

(Citations and punctuation omitted.) *Moore v. Hullander*, 345 Ga. App. 568, 570 (2) (814 SE2d 423) (2018). But when there is more than one statutory basis for the fee award, and a review of the record does not reveal the basis for the award, we remand the case to the trial court to clarify the statutory basis of the award and to enter any necessary findings that support it. *Viskup v. Viskup*, 291 Ga. 103, 106 (3) (727 SE2d 97) (2012).

Here, Amanda did not specify the statutory basis for her attorney fees claim in the complaint, and the trial court's award does not reference any statute or statutory language, nor does it include findings as grounds for the award.[3]

---

[3] It appears that the final hearing was not transcribed.

At the very least, attorney fees could have been awarded in this case pursuant to OCGA §§ 19-6-2 (a) (1) (authorizing attorney fee awards in divorce and alimony cases) or 9-15-14 (providing for an attorney fee award where an action lacks substantial justification). See generally *Dovel v. Dovel*, 352 Ga. App. 423, 426 (834 SE2d 918) (2019) (noting that OCGA § 19-6-2 (a) is not the only statute authorizing attorney fees awards in divorce cases). However, "[f]indings of fact regarding the relative financial circumstances of each party . . . are prerequisites to an award under OCGA § 19-6-2." *Lockhart v. Lockhart*, 361 Ga. App. 499, 503 (3) (863 SE2d 174) (2021). Similarly, under OCGA § 9-15-14, a trial court must specify the applicable subsection and make findings to clarify that the award is reasonable and limited to a party's sanctionable conduct. Id.; *Wilson v. Perkins*, 344 Ga. App. 869, 873 (2) (811 SE2d 518) (2018) ("As an initial matter, an order awarding attorney fees pursuant to OCGA § 9-15-14 must specifically state whether the award is made under OCGA § 9-15-14 (a) or (b).") (citation and punctuation omitted).

Because the trial court's order is silent as to the statutory and factual basis of the fee award, we vacate the trial court's order as it pertains to the issue of attorney fees, and remand the case to the trial court for an explanation of the statutory basis of the award and entry of any findings necessary to support it. *Lockhart*, 361 Ga. App.

6

at 503 (3); *Andriola v. Mounts*, 354 Ga. App. 873, 874 (842 SE2d 74) (2020); *Moore*, 345 Ga. App. at 575 (2) (d).

*Judgment reversed in part; vacated in part; and case remanded with direction. Dillard, P. J., and Mercier, J., concur.*